I respectfully dissent. I agree with the opinion of the Court of Criminal Appeals, except that I agree with the remedy proposed by Justice Lyons in his special writing. The thorough statement of facts by the Court of Criminal Appeals supports its holdings.
Two particular mistakes in the main opinion invalidate its conclusions. First, the main opinion assumes as true the testimony by Detective Hardiman that the eyewitness residents of 6822 Kimberly Avenue had recanted their exculpatory statements. This testimony by Detective Hardiman was entirely self-serving. What better way could the State eliminate not only its Brady[7] problem but also any benefit Wilson *Page 1155 
had received from the trial judge's remedy of allowing Wilson to introduce the exculpatory statements themselves? After Detective Hardiman's testimony that the 6822 Kimberly residents had recanted, only their live appearance and testimony to the contrary would have cured the Brady
violation by the State.
Second, the main opinion mistakenly argues that timely disclosure of the exculpatory statements would not have resulted in Wilson's finding the two missing 6822 Kimberly residents and presenting them as witnesses. Defense counsel, of practical and professional necessity, must decide what leads to pursue according to the apparent defensive value of the leads. The names available to Wilson on the police report, none accurate, did not provide the same incentive and therefore did not suggest the same priority as the exculpatory statements would have provided had they been timely disclosed as required by Brady.
[7] Brady v. Maryland, 373 U.S. 83 (1963).